UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMETT JOHNSON JAFARI, | |
| Plaintiff, | Civil Action No. 15-183 (BAH) |
| v. | Judge Beryl A. Howell |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM OPINION**

The *pro se* plaintiff, Emmett Johnson Jafari, brings the instant suit against the United States after years of litigation in Virginia. Essentially, the plaintiff is dissatisfied with the outcome of his suits before the courts of the Eastern District of Virginia and the Fourth Circuit, among others, and seeks damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for the "negligent and wrongful acts" of the "Judges, Magistrates, and/or Justices of the federal Courts and Judicial Review Councils" that adjudicated his claims. Compl. ¶ 154, ECF No. 1. On the face of the complaint, "it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint," and, consequently, this Court *sua sponte* dismisses the action. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012).

**I.     BACKGROUND**

The plaintiff alleges various wrongful and negligent acts were committed by judicial officers and employees in the course of litigation before the United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, and the

Supreme Court of the United States.[1] *See* Compl. ¶ 154. The plaintiff's Complaint is a rambling and at times incoherent document, but the plaintiff's allegations appear to stem from an ERISA lawsuit the plaintiff initially filed in the Virginia courts against his former employer in 2008. *See id.* ¶ 28. The plaintiff's case was removed to the Federal District Court for the Eastern District of Virginia, where it was dismissed in part and remanded to the Virginia courts in part. *See id.* ¶¶ 28–36. The plaintiff appealed the dismissal to the Fourth Circuit, which apparently reversed and remanded to the district court in part. *See id.* ¶¶ 38–40. On remand, the district court granted summary judgment against the plaintiff, a decision with which the plaintiff disagrees profoundly. *See id.* ¶¶ 44–129.

Following the dismissal of his complaint in the district court, and the subsequent denial of his motion for reconsideration, *see id.* ¶ 125, 128, the plaintiff filed "judicial complaints regarding the conduct he witnessed and was subjected to before the District Court," *id.* ¶ 130. The plaintiff also appealed the district court's ruling. *Id.* ¶ 132. The judicial complaints were dismissed and the Fourth Circuit upheld the district court's ruling dismissing the plaintiff's case. *Id.* ¶¶ 133–34. The plaintiff sought a Writ of Certiorari from the Supreme Court, which Writ was denied. *Id.* ¶ 139, 147.

The instant suit lays out in great detail the progress of the plaintiff's litigation in the Eastern District of Virginia, the Fourth Circuit, and the Supreme Court, claiming that those Court's actions constitute negligence, *id.* ¶¶ 161–197; "Deprivations of Constitutional And Other Lawful Rights," *id.* ¶¶ 198–203; "Constructive Fraud," *id.* ¶¶ 204–211; "Obstruction of Justice," *id.* ¶ 212; "False Publication," *id.* ¶¶ 213–14; and "Contribution Amongst Wrongdoers," *id.* ¶¶

---

[1] Specifically, the plaintiff lists U.S. District Court Judges James R. Spencer, Henry E. Hudson, and John A. Gibney Jr.; U.S. Magistrate Judge David J. Novak; the "U.S. Judicial Council of the Fourth Circuit Court of Appeals;" Fourth Circuit Court of Appeals Judges William B. Traxler, Alyson K. Duncan, and G. Steven Agee; and all nine U.S. Supreme Court Justices, and the Administrative Office of the United States Courts. Compl. ¶¶ 4–16.

215–16.  Although the plaintiff lists two separate counts, one under the FTCA, *id.* at 25, and the other under the general heading of "Negligent/Wrongful Acts," *id.* at 26, the Court construes the *pro se* plaintiff's complaint as a single count for relief under the FTCA, based on the allegations in Count II.

## II.   LEGAL STANDARD

*Pro se* plaintiffs and their pleadings are "[held] to less stringent standards than formal pleadings drafted by lawyers."  404 U.S. 519, 520 (1972) (per curiam); *see also Fletcher v. Reilly*, 433 F.3d 867, 877 (D.C. Cir. 2006); *United States v. Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002); *Rogler v. U.S. Dep't of Health & Human Servs.*, 620 F. Supp. 2d 123, 127 (D.D.C. 2009).  Nevertheless, "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  *Atherton v. District of Columbia Ofc. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In the D.C. Circuit, "[t]he district court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint."  *Rollins,* 703 F.3d at 127 (citing *Baker v. Dir., U.S. Parole Comm'n,* 916 F.2d 725, 727 (D.C. Cir.1990)); *see also Best v. Kelly,* 39 F.3d 328, 331 (D.C. Cir. 1994) ("Complaints may . . . be dismissed . . . *sua sponte* . . . under Rule 12(b)(6) whenever the plaintiff cannot possibly win relief.") (internal quotation marks omitted).

## III.   DISCUSSION

The plaintiff's Complaint presents a litany of perceived insults and mistreatment that the plaintiff allegedly endured during the course of his litigation.  Such complaints, however, are not actionable since the only alleged actors are shielded by judicial immunity.

As the Supreme Court has made clear, federal judges are absolutely immune from lawsuits grounded in performance of official acts, meaning that immunity cannot be "overcome by allegations of bad faith or malice." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Forrester v. White,* 484 U.S. 219, 227 (1988); *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985); *see also Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Immunity exists because it is a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10 (internal quotations omitted). Seeking relief through an appeal to an appellate court is the sole remedy available to a litigant who "seeks to challenge the legality of decisions made by a judge in her judicial capacity." *Mikkilineni v. Pennsylvania.*, No 02-1205, 2003 WL 21854754, at *16 (D.D.C. Aug. 5 2003) (internal citations omitted). Indeed, the plaintiff here sought appellate relief twice, once successfully. *See* Compl. ¶¶ 38, 132, 140.

Judicial immunity also extends to jurors, witnesses, and other court actors acting within the scope of their judicial duties. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) (holding jurors and witnesses enjoy absolute judicial immunity at common law); *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976) (noting that grand jurors are afforded judicial immunity while "acting within the scope of their duties").

In the instant action, all of the plaintiff's claims arise from acts undertaken by judges or judicial employees that include reviewing and attributing weight to evidence, granting and denying hearings, issuing decisions, and generally adjudicating the plaintiff's case. *See* Compl. ¶¶ 160–216. These are quintessential official judicial acts and, as such, the judges and any other

actors involved in carrying out these judicial acts are protected by absolute judicial immunity. Therefore, the plaintiffs' suit is dismissed in its entirety.

## IV.  CONCLUSION

For the foregoing reasons, it is "'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins*, 703 F.3d at 127.  Therefore, the Court dismisses the plaintiff's Complaint *sua sponte*.

An Order consistent with this Memorandum Opinion will issue contemporaneously.

Date: March 18, 2015

_____
BERYL A. HOWELL
United States District Judge